# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

THACKERY SAUSSY,      )
                         )
      Plaintiff,      )
                         )
v.                     )      Case No.  CV410-305
                         )
JOHN E. PORTER,      )
Postmaster General,      )
U.S. Postal Service,      )
                         )
      Defendant.      )

## REPORT AND RECOMMENDATION

Plaintiff Thackery Saussy brings this Title VII case against John E. Porter, the Postmaster General, alleging that the postal service failed to hire him because of his disability, in violation of the Americans with Disability Act of 1990.   Doc. 1.   He also moves for leave to file his case *in forma pauperis* (IFP). Doc. 2. Finding him indigent, the Court **GRANTS** his IFP motion, doc. 2, but his case nevertheless must be dismissed.[1]

---

1   The Court preliminarily notes that Saussy has just filed a Chapter 13 proceeding.   Doc. 1-1.   However, the Bankruptcy Code's automatic stay provision, 11 U.S.C. § 362, does not apply to lawsuits brought by debtors, *Crosby v. Monroe County*, 394 F.3d 1328, 1331 n. 2 (11th Cir. 2004); *Souza v. Reliable Personnel Services, Inc.*, 2009 WL 5067665 at * 2 (M.D. Fla. Dec. 15, 2009), so no issue is presented on that score.

Still, plaintiff's own complaint attachment shows that he failed to contact an EEO counselor within 45 days of the last alleged discriminatory event. Doc. 1 at 6 ("the last alleged discriminatory event occurred on April 29, 2008, i.e., the effective date of [Saussy's] retirement, but [Saussy] did not contact an EEO Counselor until June 25, 2008, which was beyond the 45-day limit set by the regulations."). His complaint therefore is barred because he did not exhaust his administrative remedies.[2] *Hardy v. Potter*, 2010 WL 3153974 at * 2 (S.D. Ga. Jul. 15, 2010) (advising dismissal of disability discrimination claimant's case because he failed to timely consult with and EEO counselor, and thus satisfy administrative exhaustion prerequisite to filing suit), *adopted*, 2010 WL 3153971 (S.D. Ga. Aug 9, 2010); *see also Robinson v. Jojanns*,

---

2   As has been previously explained,

where the untimeliness of an action is clear from the face of the complaint and the plaintiff has been granted leave to proceed in forma pauperis, the court may dismiss sua sponte under 28 U.S.C. § 1915(e)(2)(B)(ii), which directs a court to dismiss any action brought by an in forma pauperis plaintiff that "fails to state a claim on which relief may be granted." *See Pino v. Ryan*, 49 F.3d 51, 53-54 (2nd Cir.1995) (affirming sua sponte dismissal of action filed after statute of limitations had expired); *Hill v. City of Montgomery*, 74 F. Supp. 2d 1169, 1170-71 (M.D. Ala.1999) (adopting magistrate's recommendation of sua sponte dismissal based on statute of limitations); *Carter v. Ford Motor Credit*, 2009 WL 2843883 at * 3 (D.N.J. Sep. 1, 2009) (unpublished) (collecting cases).

*Dauphin v. Geren,* 2009 WL 3233148 at * 1 n. 4 (S.D. Ga. Oct. 7, 2009).

147 F. App'x 922, 924 (11th Cir. 2005) (failure of 60-year-old black male federal employee to initiate contact with an EEO counselor within 45 days of effective date of decision to deny him a promotion required dismissal of his claims of age, sex, and race discrimination which were based on that decision); *Twitty v. Potter*, 2008 WL 2277528 at * 3 (N.D. Fla. May 30, 2008) (federal "regulations require a federal employee with a discrimination complaint to contact an EEO counselor from the employing agency within 45 days of the 'effective date' of the challenged action, in an effort to resolve the complaint informally. 29 C.F.R. § 1614.105(a).").

Saussy's case should therefore be **DISMISSED WITH PREJUDICE** under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), as it bears no indication that it can be cured with a "second-chance" amendment. *Cf. Langlois v. Traveler's Ins. Co.*, 2010 WL 4146153 at * 1-2 (11th Cir. Oct. 22, 2010) (even though IFP's litigant's *pro se* complaint failed to state basis for federal jurisdiction and failed to state a claim, and she failed to seek leave to amend her complaint, nevertheless she should have been afforded an opportunity to amend deficiencies prior to dismissal, where no

undue time had elapsed, no undue prejudice could be shown, and the record revealed some potential claim-resuscitation).

**SO REPORTED AND RECOMMENDED,** this 3rd day of January, 2011.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA